IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| HECTOR VALENCIA,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No.  1:12CV102 DAK |

This matter is before the court on Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Defendant argues that the Complaint and the Amended Complaint are moot and that the court lacks jurisdiction to take any action on the merits of the asserted claims.   The court has carefully reviewed the Complaint, Defendant's Motion to Dismiss, Plaintiff's Supplemental Complaint, and Defendant's Motion to Dismiss the Amended Complaint.  Plaintiff did not file an opposition memoranda in response to either motion.[1]  Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

## BACKGROUND

On October 13, 2011, Plaintiff Hector Valencia ("Plaintiff"), was admitted to the United

---

[1] The court, however, grants the motion on the merits and not on Plaintiff's failure to respond to the two motions.

States of America with a B-1 Tourist Visa.  Plaintiff is a citizen of Venezuela who lives in Layton, Utah.  On March 26, 2012, Plaintiff filed a request for his immigration file with Defendant, United States Citizenship and Immigration Services ("USCIS").  USCIS is an agency within the Department of Homeland Security and has the custody and control of immigration files.

Plaintiff allegedly requested his immigration file for purposes of preparing for his removal hearing which was originally set for June 11, 2012.  He made his request pursuant to the Freedom of Information Act, 5 U.S.C. §552, ("FOIA"), which allows individuals access to documents under agency control.

Plaintiff filed his Complaint on April 25, 2012, seeking a declaratory judgment and injunctive relief for USCIS's failure to provide its FOIA response within the FOIA statutory default time frame of twenty (20) business days.  The Complaint requests that the court compel USCIS to provide Plaintiff with a copy of his immigration file forthwith.

Fourteen days after the Complaint was filed, on May 9, 2012, USCIS completed its processing of Plaintiff's FOIA request and sent the immigration file to Plaintiff's counsel, with the exception of approximately twenty-four (24) pages that were withheld.  On May 21, 2012, Plaintiff filed an administrative appeal challenging the withholding of these documents.

On May 29, 2012, USCIS filed a Motion to Dismiss Complaint, asserting that the Complaint was moot and that attorney fees should not be awarded.  Plaintiff did not oppose the motion.  At the June 11, 2012, removal hearing, the immigration judge continued the hearing until July 11, 2012.  On June 26, 2012, Plaintiff filed a Supplemental Complaint (erroneously styled as an Amended Complaint).  The primary relief of the Supplemental Complaint is an order requiring USCIS to provide the twenty-four pages that were withheld.

On July 3, 2012, USCIS sent, by priority mail, fourteen (14) of the twenty-four (24) pages that were withheld.  On June 26, 2012, USCIS filed the Motion to Dismiss Supplemental Complaint, arguing that the Supplemental Complaint is moot, impermissible, and that attorney fees should not be awarded.

## DISCUSSION

USCIS seeks to dismiss the Plaintiff's Complaint and Supplemental Complaint on the grounds that the court lacks subject matter jurisdiction because the Complaint and Supplemental Complaint are now moot.  In addition, USCIS seeks to preclude an award of attorney fees to Plaintiff in this action.

A.     **Rule 12(b)(1): Subject Matter Jurisdiction**

Once a controversy ceases to exist, "the action is moot and this court lacks jurisdiction to adjudicate the matter." *Wyoming v. Department of the Interior*, 674 F.3d 1220, 1228 (10th Cir. 2012) (quoting *United States v. Seminole Nation*, 321 F.3d 939, 943 (10th Cir. 2002)). Courts lack jurisdiction when the action is moot because a "justiciable case or controversy must remain 'extant at all states of review, not merely at the time the complaint is filed.'" *United States v. Juvenile Male*, 131 S. Ct. 2860, 2864 (2011)(quoting *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997)).

Moreover, in an FOIA complaint, once the court determines that an agency has, "however belatedly, released all nonexempt material, [it has] no further judicial function to perform under the FOIA." *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982).  Here, the USCIS released Plaintiff's immigration file his legal counsel on May 9, 2012, and subsequently released fourteen of the twenty-four pages that were initially withheld.  Thus, the controversy ceases to exist because the primary relief sought by the prayer of the Complaint and Supplemental Complaint

has already been provided by USCIS.

Based on these reasons, the court finds that the Complaint and Supplemental Complaint are moot and jurisdiction to adjudicate this matter is lacking. Accordingly, Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) is granted.

B.      **Attorney Fees**

Under FOIA, a "court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(I). The complainant substantially prevails through: "either (1) a judicial order, or an enforceable written agreement or consent decree; or (2) a voluntary or unilateral change in position by the agency, if the complainant's claim is not substantial." 5 U.S.C. § 552(a)(4)(E)(ii).

In this case, there has been no court order or enforceable written agreement or any consent decree for the production of the documents. Additionally, there is no evidence to suggest that the documents have been produced by any voluntary or unilateral change in position by USCIS. USCIS followed its own normal procedures in producing the documents.

Even if the documents were produced by a voluntary or unilateral change in position by USCIS, an award of attorney fees remains under the court's discretion in FOIA cases. *Aviation Data Service v. Federal Aviation Administration*, 687 F.2d 1319, 1321 (10th Cir. 1982). In deciding whether to award such fees, there are at least four factors to consider: "(1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought, and (4) whether the government's withholding of the records had a reasonable basis in the law." *Id*.

Here, Plaintiff sought the FOIA records to help prepare for Plaintiff's removal hearing. There is no evidence that Plaintiff sought the FOIA records to help or benefit the public. In such cases, courts generally do not award attorney fees. *Id.* at 1322-24; *see also Anderson v. Secretary of Health and Human Services*, 80 F.3d 1500, 1504-05 (10th Cir. 1996).

Accordingly, the court concludes that no award of attorney fees should be made because Plaintiff did not substantially prevail and because Plaintiff's purpose for obtaining the FOIA records was for personal benefit.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss [Docket No. 2] is MOOT and Defendant's Motion to Dismiss Supplemental Complaint [Docket No. 5] is GRANTED. The Clerk of Court is directed to close this case.

DATED this 4th day of September, 2012.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge